UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| TABETHA S. B., | ) | |
| --- | --- | --- |
| Plaintiff | ) | |
| v. | ) | No. 1:18-cv-00445-JHR |
| ANDREW M. SAUL, Commissioner of Social Security,[1] | ) | |
| Defendant | ) | |

### MEMORANDUM DECISION[2]

This Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal raises the question of whether the administrative law judge ("ALJ") supportably found the plaintiff capable of performing work existing in significant numbers in the national economy. The plaintiff seeks remand on the bases that the ALJ failed to (i) provide adequate reasoning for rejecting certain limitations assessed by agency nonexamining consultant Edward Martin, Ph.D., in violation of Social Security Ruling 96-6p ("SSR 96-6p"), and (ii) adequately evaluate the opinions of treating sources Kathryn Wistar, M.D., in violation of 20 C.F.R. §§ 404.1527 and 416.927, and Elsbeth Brundage, LCPC-C, and Cathy Cumler-Dennis, LCSW, in violation of Social Security Ruling 06-03p ("SSR 06-03p"). *See* Itemized Statement of Errors Pursuant to Local Rule 16.3 Submitted by

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Andrew M. Saul is substituted as the defendant in this matter.
[2] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record. The parties have consented to have me conduct all proceedings in this matter, including the entry of judgment. ECF No. 17.

1

Plaintiff ("Statement of Errors") (ECF No. 10) at 2-6. I find no error and, accordingly, affirm the commissioner's decision.

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Sec'y of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the ALJ found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act through December 31, 2016, Finding 1, Record at 18; that she had the severe impairments of degenerative disc disease of the spine, muscle disorders, obstructive sleep apnea, asthma, obesity, depression, and anxiety, Finding 3, *id.*; that she had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), with the following additional limitations: she could sit, stand, or walk up to six hours each in an eight-hour workday, could occasionally stoop or climb ramps or stairs and frequently kneel or crouch, could never crawl or climb ladders, ropes, and scaffolds, should avoid concentrated exposure to extreme cold, extreme heat, humidity, fumes, odors, dusts, gases, poor ventilation, and hazards, was able to understand, remember, and apply information and focus on and complete simple work-related tasks, maintain concentration, persistence, or pace for simple work-related activities, manage simple social demands, adapt to routine changes, and manage herself, and could tolerate a moderate noise environment as defined by the *Selected Characteristics of Occupations*, Finding 5, *id.* at 21; that, considering her age (44 years old, defined as a younger individual, on her amended alleged disability onset date, August 16, 2013), education (at least high school), work experience (transferability of skills immaterial), and RFC, there were jobs existing in significant numbers in the national economy that she could perform, Findings 7-10, *id.* at 28-29; and that she, therefore, had not been disabled from August 16, 2013, her amended alleged onset date of disability, through the date of the decision, March 28, 2018, Finding 11, *id.* at 30. The Appeals Council declined to

review the decision, *id*. at 1-3, making the decision the final determination of the commissioner, 20 C.F.R. §§ 404.981, 416.1481; *Dupuis v. Sec'y of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The ALJ reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than her past relevant work. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Sec'y of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

### A. Partial Rejection of Agency Nonexamining Consultant's Limitations

As a threshold matter, as the commissioner observes, *see* Defendant's Opposition to Plaintiff's Itemized Statement of Errors ("Opposition") (ECF No. 11) at 6, the plaintiff's reliance on SSR 96-6p to support the proposition that the ALJ improperly rejected certain limitations assessed by Dr. Martin is misplaced. SSR 96-6p was superseded effective March 27, 2017, by Social Security Ruling 17-2p ("SSR 17-2p"). *See* Social Security Ruling (SSR) 17-2p: Titles II and XVI: Evidence Needed by Adjudicators at the Hearings and Appeals Council Levels of the Administrative Review Process To Make Findings About Medical Equivalence, 82 Fed. Reg.

15263, 15263-64 (Mar. 27, 2017); SSR 17-2p, reprinted in West's Social Security Reporting Service, Rulings 1983-1991 (Supp. 2019), at 702-07. The ALJ issued the decision at issue on March 28, 2018, *see* Record at 30, well after SSR 96-6p was rescinded.

Nor can the plaintiff rely on SSR 17-2p, the ruling that superseded SSR 96-6p. As its title suggests, SSR 17-2p provides guidance on how an ALJ determines, at Step 3 of the sequential evaluation process, whether a claimant's impairment(s) medically equal a so-called "listing." SSR 17-2p at 703-07. It has no bearing on the evaluation at Step 4 of a claimant's RFC. *See id*.

In any event, even if SSR 96-6p had been in effect on the date of the ALJ's decision, its application would not have been outcome-determinative in this case. Two agency nonexamining consultants assessed the plaintiff's mental RFC: Jennifer Cortes, Psy.D., in June 2016 and Dr. Martin in October 2016. *See* Record at 131-33, 189-92.

The ALJ discussed both opinions, observing that Dr. Cortes had determined that the plaintiff

> suffers from severe affective and anxiety [disorders,] . . . has moderate limitations in daily activities, social functioning, concentration, persistence, or pace; and no episodes of decompensation[,] . . . has the ability to remember and understand simple instructions as well as workplace procedures, has moderate limitations in her ability to remember more detailed instructions, is able to carry out simple instructions and follow simple work-like procedures, and make simple work-related decisions[,] . . . has moderate limitations in the ability to sustain attention throughout extended periods of time, perform at a consistent pace and maintain a regular schedule, interact appropriately with the general public and supervisors, and respond appropriately to basic work setting changes[,] . . . is able to interact appropriately with co-workers, maintain personal hygiene and standards of dress, maintain appropriate precautions in hazardous situations, utilize transportation, and organize and independently set goals.

*Id*. at 27 (citing, *inter alia*, *id*. at 127, 131-33). The ALJ noted that Dr. Martin had affirmed Dr. Cortes' opinion but had added that the plaintiff

> is not able to sustain concentration, persistence, or pace nor adapt to changes and interact adequately with others, or complete a normal (eight-hour) workday and

4

(40-hour) workweek without an unreasonable number of interruptions, breaks, absences or off task episodes due to psychologically based symptoms.

*Id.* (citing, *inter alia*, *id*. at 192). The ALJ explained that he gave "little weight" to these "additional limitations[,]" deeming them "inconsistent with the moderate limitations identified in [Dr. Martin's] preceding analysis on the same document[.]" *Id.* The ALJ, however, gave "great weight" both to Dr. Cortes' opinion and to Dr. Martin's affirmation of Dr. Cortes' opinion, explaining that he deemed the Cortes opinion "consistent with the medical evidence of record as a whole." *Id.* Specifically, he explained, the medical record during the period at issue was devoid of evidence indicating major mental deteriorations, with treatment notes and Global Assessment of Functioning ("GAF") scores suggesting no more than moderate symptoms that had stabilized over time, with little to no regression. *See id.*[3]

The plaintiff argues that the ALJ violated SSR 96-6p by failing to supply adequate reasons for discounting Dr. Martin's additional limitations, which, if adopted, would have resulted in a finding of disability. *See* Statement of Errors at 2. I find no error.

SSR 96-6p provides, in relevant part:

[ALJs] . . . are not bound by findings made by State agency or other program physicians and psychologists [("agency nonexamining consultants")], but they may not ignore these opinions and must explain the weight given to the opinions in their decisions.

\*\*\*

---

[3] A GAF score represents "the clinician's judgment of the individual's overall level of functioning." American Psychiatric Ass'n, *Diagnostic and Statistical Manual of Mental Disorders* 32 (4th ed., text rev. 2000) ("DSM-IV-TR"). The GAF score is taken from the GAF scale, which "is to be rated with respect only to psychological, social, and occupational functioning." *Id.* The GAF scale ranges from 100 (superior functioning) to 1 (persistent danger of severely hurting self or others, persistent inability to maintain minimal personal hygiene, or serious suicidal act with clear expectation of death). *Id.* at 34. In 2013, the DSM-IV-TR was superseded by the American Psychiatric Ass'n, *Diagnostic and Statistical Manual of Mental Disorders* (5th ed. 2013) ("DSM-V"), which jettisoned the use of GAF scores. *See* DSM-V at 16 ("It was recommended that the GAF be dropped from DSM-5 for several reasons, including its conceptual lack of clarity (i.e., including symptoms, suicide risk, and disabilities in its descriptors) and questionable psychometrics in routine practice."). Nonetheless, I assess the supportability of the ALJ's decision based on the evidence available to him.

> [T]he opinions of [agency nonexamining consultants] can be given weight only insofar as they are supported by evidence in the case record, considering such factors as the supportability of the opinion in the evidence including any evidence received at the [ALJ] and Appeals Council levels that was not before the State agency, the consistency of the opinion with the record as a whole, including other medical opinions, and any explanation for the opinion provided by the [agency nonexamining consultant]. The adjudicator must also consider all other factors that could have a bearing on the weight to which an opinion is entitled, including any specialization of the [agency nonexamining consultant].

SSR 96-6p, reprinted in West's Social Security Reporting Service, Rulings 1983-1991 (Supp. 2019), at 129.

Here, the ALJ's treatment of the Martin opinion squarely satisfied the requirements of SSR 96-6p: he recognized Dr. Martin's status as an agency nonexamining consultant, did not ignore Dr. Martin's opinion, and, after reviewing the record, explained that he gave Dr. Martin's additional limitations "little" weight based on their inconsistency with both the medical record as a whole and Dr. Martin's own analysis earlier in the same document. *See* Record at 27.

The plaintiff, nonetheless, argues that both of the ALJ's rationales for discounting the additional Martin limitations are flawed. First, she asserts that the ALJ erred as a matter of law in finding an inconsistency between Dr. Martin's earlier general finding of moderate limitations and his assessment of a disabling limitation. *See* Statement of Errors at 2-3. However, the ALJ reasonably perceived an inconsistency, particularly when Dr. Cortes, who made the same general finding of moderate limitations, assessed no disabling limitation. *See also Ortiz v. Sec'y of Health & Human Servs.*, 890 F.2d 520, 527 (1st Cir. 1989) (ALJ reasonably relied on the so-called "Grid," the Medical-Vocational Guidelines contained in Appendix 2 to Subpart P, 20 C.F.R. § 404, to find claimant not disabled, without taking vocational testimony, despite claimant's moderate mental limitations); Appendix 1 to 20 C.F.R. Part 404, Subpart P ("Listings") § 12.00(F)(2)(c) (a

"[m]oderate limitation" in an area of mental functioning means that a claimant's "functioning in this area independently, appropriately, effectively, and on a sustained basis is fair").

Second, the plaintiff contends that the ALJ erred in discounting the additional Martin limitations on the basis of their inconsistency with the record as a whole. *See* Statement of Errors at 2-3. She asserts that, while the ALJ concluded that treatment notes and GAF scores revealed no more than moderate symptoms that had stabilized over time with little to no regression, Dr. Martin found otherwise, relying on more recent evidence from LCSW Cumler-Dennis. *See id*. at 3-4.

Yet, "[t]he mere fact that a claimant can point to evidence of record supporting a different conclusion does not, in itself, warrant remand." *Malaney v. Berryhill*, No. 2:16-cv-00404-GZS, 2017 WL 2537226, at *2 (D. Me. June 11, 2017) (rec. dec., *aff'd* July 11, 2017), *aff'd*, No. 17-1889, 2019 WL 2222474 (1st Cir. May 15, 2019). As the commissioner argues, *see* Opposition at 8-9, the ALJ pointed to substantial evidence indicating otherwise, including the assessment of GAF scores of 55 to 60, reflecting moderate symptoms, during the period postdating Dr. Martin's opinion, *see* Record at 25-26; DSM-IV-TR at 34, assessments in March and December 2017 by Priscilla Young, PMHNP, the plaintiff's treating mental health therapist, of mild mental limitations, and Dr. Wistar's description in October 2017 of the plaintiff's anxiety and depression as stable, *see* Record at 25-26.

Third, and finally, the plaintiff argues that the Martin opinion was entitled to more weight than that of Dr. Cortes because (i) it was consistent with the opinions of all of her treating sources (LCSW Cumler-Dennis, Dr. Wistar, and LCPC-C Brundage), (ii) it was "later in time (reconsideration vs. application) and therefore consider[ed] more evidence[,]" and (iii) an ALJ cannot supportably give great weight to part of an opinion and reject that portion assessing

7

disabling limitations. *See* Statement of Errors at 4-5. The plaintiff cites no authority for these propositions, *see id.*, and they are, in any event, unpersuasive.

First, "the fact that an opinion may be consistent with other opinions of record does not in itself undermine an ALJ's finding that it is inconsistent with the record as a whole[.]" *Applebee v. Berryhill*, No. 1:17-cv-00003-NT, 2017 WL 6523138, at *9 (D. Me. Dec. 20, 2017) (rec. dec., *aff'd* Mar. 29, 2018), *aff'd*, 744 F. App'x 6 (1st Cir. 2018). As noted above, the ALJ in this case supportably so found. Second, the plaintiff identifies no evidence unseen by Dr. Cortes that would undermine the ALJ's reliance on her opinion. Third, and finally, an ALJ need not adopt a medical opinion in its entirety. *See, e.g., Ball v. Soc. Sec. Admin. Comm'r*, No. 2:14-cv-61-JDL, 2015 WL 893008, at *4 (D. Me. Mar. 2, 2015) ("[T]his court has held that an [ALJ] may not only pick and choose among different expert[s'] opinions but also adopt only a portion of an expert's opinion[.]").

The plaintiff, accordingly, falls short of demonstrating her entitlement to remand on the basis of this point of error.

## B. Rejection of Treating Sources

The plaintiff next argues that the ALJ failed to "adequately evaluate" the opinions of Dr. Wistar, her primary treating doctor, in violation of 20 C.F.R. §§ 404.1527 and 416.927, and LCPC-C Brundage, her treating mental health counselor, and LCSW Cumler-Dennis, her treating licensed social worker, in violation of SSR 06-03p, a proposition for which she incorporates by reference the arguments made in her first point of error. *See* Statement of Errors at 5-6. Accordingly, my ruling on that point is dispositive of this point, as well.

It is the province of the ALJ "to determine issues of credibility and to draw inferences from the record evidence." *Irlanda Ortiz v. Sec'y of Health & Human Servs.*, 955 F.2d 765, 769 (1st

Cir. 1991). "Indeed, the resolution of conflicts in the evidence is for the [ALJ], not the courts." *Id.*; *see also Rodriguez*, 647 F.2d at 222-23 (The court "must uphold the [ALJ's] findings . . . if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support his conclusion[,]" even if the record could also justify a different conclusion). I find no reason to disturb the ALJ's weighing of the opinion evidence in this case.

## II. Conclusion

For the foregoing reasons, the commissioner's decision is **AFFIRMED**.

Dated this 8th day of November, 2019.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge